UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ERICE D. MAGEE | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 25-1241 |
| AMAZON CORPORATION, LLC, ET AL. | * | SECTION "L" (2) |

## REPORT AND RECOMMENDATION

On June 17, 2025, *pro se* Plaintiff Erice D. Magee filed this Title VII and ADEA action against Amazon Corporation, LLC and Robert Lamb with summonses issued the same date. ECF No. 1. Despite repeated instruction, Plaintiff has failed to properly serve the defendants. For the following reasons, it is recommended that Plaintiff's claims against Defendants be dismissed without prejudice.

## I.   BACKGROUND

On November 7, 2025, this Court issued an order requiring Plaintiff to show cause why the claims against unserved Defendant Robert Lamb should not be dismissed in accordance with Rule 4(m) of the Federal Rules of Civil Procedure and directing Plaintiff to file a supplemental return evidencing proper service on Defendant Amazon Corporation, LLC. ECF No. 5.[1] Plaintiff timely responded, asserting Defendant Lamb's alleged evasion and exceptional circumstances (weather events) established good cause for failure to timely and properly serve Defendants and thus he was entitled to mandatory extension of the service deadline under Rule 4(m). ECF No. 7. On November 21, 2025, exercising the discretion authorized by Rule 4, the Court granted Plaintiff an

---

[1] Although the return directed to Amazon suggests it was left at that address, the return does not indicate the name or title of the person served and gives no indication other than the document was left at an Amazon facility. ECF No. 4. As such, it is impossible to discern whether service was proper under FED. R. CIV. P. 4(h) or (e)(1). The return directed to Defendant Lamb indicates that service could not be accomplished at the address provided. ECF No. 7-1.

1

additional forty-five days (through January 5, 2026) to properly serve Defendants and file proof service. ECF No. 8.

Plaintiff filed another Response on December 8, 2025, asserting the same circumstances justified a further extension, and no proof service or waiver was filed by January 5, 2026. ECF No. 9. On January 6, 2026, the Court exercised its discretion to allow Plaintiff an additional "but final" forty-five days (through February 20, 2026) to properly serve the defendants and file proof of service. ECF No. 11. The Court expressly warned Plaintiff that failure to timely and properly serve the defendants and file proof of service "will result in recommendation of dismissal" of his claims without prejudice. *Id.* at 2.

On January 26 and 27, 2026, Plaintiff filed a "Notice of Service" and a Response, in which he contends that Defendant Amazon was served on October 1, 2025, by a U.S. Marshal and that he provided the address of Defendant Amazon's corporate headquarters as a substitute address, asserting that "any person at this location is a registered agent of Amazon. Can accept and receive documents, summons, notices for the company as a whole." ECF No. 12; *see also* No. 13 at 2. Attached to his Response is the same summons return filed on October 22, 2025, for Defendant Amazon,[2] as well as a summons return directed at the substitute address.[3] As to the latter return, the name and title of the person served is not specified. ECF No. 13 at 4.

## II.  APPLICABLE LAW

Before the court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.[4] Service of process in a federal action is governed by Rule 4 of the Federal Rules of Civil Procedure.

---

[2] *Compare* ECF No. 13 at 3, *and* ECF No. 13-1, *with* ECF No. 4.
[3] ECF No. 13 at 4.
[4] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

2

Rule 4(e) provides that an individual may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state (1) where the district court is located or (2) where service is provided or (3) by delivering a copy of the summons and of the complaint to the individual personally; (4) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (5) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.  FED. R. CIV. P. 4(e)(1), (2).

Pursuant to Rule 4(h)(1), unless the entity defendant has filed a waiver, service of process on a limited liability company must be served in a judicial district of the United States:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.][5]

Contrary to Plaintiff's assertion, not every employee or person at an LLC's facility is a registered agent for service of the LLC.[6]

---

[5] *Burton v. Rich's Carwash LLC*, No. 19-11725, 2019 WL 6307677, at *2 (E.D. La. Nov. 25, 2019) (Africk, J.) (quoting FED. R. CIV. P. 4(h)(1)(A)-(B); and citing *Washington v. Mayweather Promotions, LLC*, No. 18-10733, 2019 WL 5684263, at *1 (E.D. La. Nov. 1, 2019) (Milazzo, J.) (applying Rule 4(h)(1) to determine whether a limited liability company was properly served); *Louviere v. Carewell Hosp., LLC*, No. 18-6419, 2019 WL 2469789, at *1 (E.D. La. June 13, 2019) (Lemmon, J.) (same); *Badeaux v. Grand Isle Marina Constr., LLC*, No. 17-4984, 2019 WL 1755523, at *2 (E.D. La. Apr. 18, 2019) (Lemelle, J.) (same)).

[6] *See, e.g.*, *Smith v. Womans Hosp.*, 671 F. App'x 884, 887 (5th Cir. 2016) ("As the district court found, Smith failed to demonstrate that the unnamed employee was G4S's 'agent authorized by appointment or by law to receive service of process.'" (quoting FED. R. CIV. P. 4(h)(1)(B)); *Chastain v. New Orleans Paddlewheels, Inc.*, No. 21-1581, 2021 WL 5578443, at *3 (E.D. La. Nov. 30, 2021) (Vitter, J.) ("Louisiana courts have held that service on a non-registered agent is not legally sufficient." (citing *Barrow v. Fair Grounds Corp.*, 782 So. 2d 697 (La. App. 4 Cir. 2001) (holding that service on a receptionist of a registered agent was not legally sufficient); *Gerhardt's v. Am. Diesel Equip., Inc.*, 569 So. 2d 80 (La. Ct. App. 4 Cir. 1990) (finding that service on a corporation's manager-employee was not legally sufficient where the corporation's registered agent had not died, resigned or been removed, but was merely temporarily absent from the state and the date of his return was unknown)).

Rule 4(m) requires that a defendant be served within 90 days of the filing of the complaint, and if service is not made, the court must dismiss the action without prejudice or order service by a specific time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. FED. R. CIV. P. 4(m). "'[G]ood cause' under Rule 4(m) requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[7] Further, "courts normally require 'some reasonable basis for noncompliance within the time specified . . . .'"[8]

Even in the absence of good cause, however, the Court has discretion "to direct that service be made within a specified time" as an alternative to dismissal.[9] Rule 4 makes clear that "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R CIV. P. 4(c)(1). A plaintiff's "pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure."[10] In addition, Rule 41(b) of the Federal Rules of Civil Procedure grants the court discretion to dismiss any action based on the failure of the plaintiff to prosecute or comply with the Federal Rules of Civil Procedure or any order of the court.[11]

### III.   ANALYSIS

Plaintiff has not demonstrated good cause for a mandatory extension of the service deadline. And after having been allowed two prior extensions, the Court declines to grant another

---

[7] *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).
[8] *Id*. (quoting same).
[9] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause." (citations omitted)).
[10] *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).
[11] *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991).

extension.

### A. Defendant Robert Lamb

Plaintiff has not filed into the record proof of service or a waiver for Defendant Robert Lamb. Plaintiff appears to suggest that Mr. Lamb may be served at Amazon's corporate offices in Seattle as "substitute for Robert L. Lamb." ECF No. 13 at 1. While service of an individual may be done by leaving a copy of the summons and the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there,"[12] the "majority of cases interpreting the words in the context of determining the validity of service of process appear to have focused on their literal meaning. As a result, service of the summons at the defendant's place of employment or business will not qualify under Rule 4(e)(2)."[13] Further, "Louisiana law does not authorize service of an individual at the individual's place of [employment]."[14] Nor does Washington law.[15] Thus, delivery of the documents to an unnamed person at Amazon's corporate office is not a proper as to Mr. Lamb.

Dismissal of Plaintiff's claims against Lamb without prejudice is proper under both Rule 4(m) and Rule 41(b) for Plaintiff's failure to serve summons and prosecute this case against Lamb.

### B. Defendant Amazon Corporation, LLC

Although Plaintiff purports to have served Defendant Amazon, the first summons return reflects delivery of the complaint and summons to Amazon's Distribution Center, with no indication of a name or title of the individual purportedly served. ECF No. 4. Plaintiff's recent

---

[12] FED. R. CIV. P. 4(e)(2)(B).
[13] See 4A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1096 (4th ed. 2025) (citing cases); accord. Doe v. St. James Par. Sch. Bd., No. 15-5370, 2016 WL 1558794, at *3 (E.D. La. Apr. 18, 2016) (Vance, J.) ("Delivering a summons and complaint to an employee at a defendant's workplace does not constitute personal service; nor does it qualify as service at a defendant's 'dwelling or usual place of abode.'" (citing cases)).
[14] Doe, 2016 WL 1558794, at *3 (citing Jason v. Nugent, No. 04-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005)).
[15] See Fleury v. Platt, No. 24-1321, 2025 WL 1089524, at *1 (W.D. Wash. Mar. 18, 2025) (citing Brooks-Joseph v. City of Seattle, No. 22-1078, 2023 WL 5822276, at *2 (W.D. Wash. Sept. 8, 2023)).

return filing indicates he also sought to deliver a copy of the summons and complaint to Amazon at its Seattle, Washington, Headquarters. ECF No. 13 at 2. However, the return addressed to Amazon at the Seattle address is blank and does not reflect that service has been made. *Id*. at 4.

1. Rule 4(e)(1) – Louisiana

Under Article 1266 of the Louisiana Code of Civil Procedure service of process on a foreign LLC is made by personal service on any one of its agents for service of process. LA. CIV. CODE art. 1266(A).[16] "An 'agent' authorized to receive service of process refers to a party who has been designated to receive process on its behalf."[17] Article 1266 authorizes service of process on an LLC by other methods under select circumstances.[18]

No summons return reflects personal service of process on any specific person, let alone an Amazon-designated agent for service of process. And Plaintiff has failed to establish the existence of any circumstance that would justify exception to this general rule.

2. Rule 4(e)(1) – Alabama

Rule 4(c)(6) of the Alabama Code of Civil Procedure "provides upon whom process must be served when seeking to serve 'Corporations and Other Entities.'"[19] Service of process is made on a

> domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

---

[16] "Personal service is made when a proper officer tenders the citation or other process to the person to be served." LA. CIV. CODE art. 1232.
[17] *Savoy v. Kenner Police Dep't*, No. 25-1178, 2025 WL 3145707, at *3 (E.D. La. Nov. 7, 2025) (Africk, J.) (citing *T.D. Auto Fin., LLC v. Higgs*, 417 So. 3d 790, 793-94 (La. App. 1 Cir. 2025) ("Louisiana law prescribes that, if the LLC has a designated agent for service of process, the LLC can be properly served by personal service on any one of its agents designated for service of process.")).
[18] Those circumstances are (1) the LLC failed to designate an agent for service of process, (2) there is no registered agent by reason of death, resignation, or removal, or (3) the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent. LA. CIV. CODE art. 1266(B).
[19] *Ex parte LERETA, LLC*, 226 So. 3d 140, 144 (Ala. 2016) (citing ALA. CODE CIV. PROC. 4(c)(6)).

ALA. CODE CIV. PROC. 4(c)(6)). "The Committee Comments to Amendment to Rule 4 Effective August 1, 2004, make clear that Rule 4(c)(6) was intended to require that personal or certified-mail service to a business entity must be accomplished by directing service to a 'specific person' or a registered agent[.]"[20]

The summons return reflecting service in Alabama does not indicate it was personally served on a specific person or registered agent. ECF No. 4. Accordingly, Plaintiff has not effected proper service on Defendant Amazon.

### 3. Rule 4(h)(1)(B)

A plaintiff "may serve an LLC by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."[21] This "delivery" refers to personal service rather than service by mail.[22] Again, no summons return reflects personal service of process on any specific person, let alone a qualified person under Rule 4(h)(1)(B) for Defendant Amazon.

Dismissal without prejudice of Plaintiff's claims against Defendant Amazon is proper under both Rule 4(m) and Rule 41(b) for his failure to serve summons and prosecute this case against this defendant.

### IV. **CONCLUSION**

This Court previously extended Plaintiff's deadline to effect service through February 20, 2026. Although Plaintiff's recent filing suggests he believes service has been accomplished, Plaintiff has not demonstrated that he has properly served the defendants. Absent Plaintiff's filing

---

[20] *Id.* (citation omitted).
[21] *Kingsbery v. Paddison*, No. 20-3192, 2021 WL 673455, at *4 (E.D. La. Feb. 22, 2021) (quoting FED. R. CIV. P. 4(h)(1)(B)).
[22] *Id.* (citing *Wesenberg v. New Orleans Airport Motel Assocs. TRS, LLC*, No. 14-1632, 2015 WL 5599012, at *2 (E.D. La. Sept. 22, 2015) (citing cases)).

evidence into the court record that he has effected proper service before the extended deadline of February 20, 2026, this case should be dismiss.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff Erice D. Magee's claims and Defendants Robert Lamb and Amazon Corporation, LLC be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

### NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[23]

New Orleans, Louisiana, this __30th__ day of Janaury, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[23] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).