UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | | |
|---|---|---|---|
| ERICE D. MAGEE | * | | CIVIL ACTION |
| VERSUS | * | | NO. 25-1241 |
| AMAZON CORPORATION, LLC, ET AL. | * | | SECTION "L" (2) |

**REPORT AND RECOMMENDATION**

Pending before me is Plaintiff Erice D. Magee's Motion for Reconsideration and Vacate Dismissal.  ECF No. 17.  The Honorable Eldon E. Fallon referred the motion to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).  ECF No. 19.

For the following reasons, the undersigned RECOMMENDS that the Motion for Reconsideration and Vacate Dismissal be GRANTED IN PART AND DENIED IN PART, denying the motion as to Defendant Lamb but granting the motion as to Defendant Amazon.

## I.    BACKGROUND

Plaintiff Erice D. Magee filed this Title VII, ADEA and retaliation action against his former employer (identified as Amazon Corporation, LLC), its Human Resources Manager (Robert Lamb), and, based on the caption, other unnamed defendants on June 17, 2025.  ECF No. 1.  Over 90 days after filing suit, Plaintiff filed a Return into the court record for a Summons issued to "Amazon Corp. LLC."  ECF No. 4 at 2.  Although this Summons purports to have been served "Amazon Corp. LLC," the return fails to indicate the name or title of the individual served; rather, the return portion of the USM 285 filed into the record indicates the Summons was simply left at an Amazon Distribution Center in Alabama.  *Id.* at 1.  Weeks later, a Summons directed to Defendant Lamb was returned unexecuted.  ECF No. 6.  The Court issued a show cause order, to which Plaintiff responded.  ECF Nos. 6, 7.  On November 21, 2025, the Court extended the

1

deadline for effecting service, explaining to Plaintiff that the obligations to properly effect service and provide valid addresses for service rest with Plaintiff. ECF No. 8 at 2-3. The Court also explained that failure to effect service could result in a recommendation that his claims be dismissed without prejudice. *Id.* at 3-4.

Plaintiff failed to effect service within the extended deadline. Instead, he filed a Notice and Response, confirming that, contrary to his earlier suggestion, he was not proceeding *in forma pauperis* and reiterating his arguments for good cause to extend Rule 4(m)'s deadline for service despite the undersigned's previous exercise of discretion to extend the deadline. ECF Nos. 9, 10. Again, though finding that Plaintiff had not established good cause for the failure to effect service, the undersigned nonetheless granted him another extension of time in which to effect service, reiterating that the obligation to comply with Rule 4 rests with him and warning that failure to comply will result in a recommendation of dismissal without prejudice. ECF No. 11. The Court also directed Plaintiff to the Louisiana Secretary of State website to assist in his efforts to obtain appropriate service information as to Defendant Amazon. *Id.* at 3.

Plaintiff then filed a document entitled "Proof of Service" asserting that he had properly served Amazon at its corporate headquarters in Seattle, Washington because "any person at this location is a registered agent of Amazon." ECF No. 12 at 1; *see also* ECF No. 13 at 1-2, 4 (asserting that delivery of documents to Amazon's corporate headquarters established service on both Amazon and Defendant Lamb). This document, however, merely reiterated the prior service at Amazon's Distribution Center and a request for service to Amazon's corporate headquarters.

Almost 8 months after Plaintiff filed suit and after having received two extension, Plaintiff still failed to effect service, as required by Rule 4(m), the undersigned issued a Report and Recommendation that Plaintiff's case be dismissed for failure to serve the defendants. ECF Nos.

8, 11, 14.  Treating Plaintiff's Motion for Reconsideration as an Objection to the Report and Recommendation, the Court adopted that Report and Recommendation on February 9, 2026.  ECF Nos. 15, 16.  Plaintiff filed another Motion for Reconsideration and Vacate Dismissal, which was referred to the undersigned.  ECF Nos. 17, 19.  Before that motion was addressed, Plaintiff filed into the record three Returns, which appear to be duplicative.  ECF Nos. 18, 20, 21.  Each of these filings reflects a Summons addressed to Defendant Robert Lamb along with completed USM 285 forms[1] indicating service for "Amazon Corporation LLC and/or Andy Jessy, President/CEO and/or Robert Lamb" at Amazon's corporate headquarters located at 410 Terry Ave North, Seattle, Washington.  ECF Nos. 18, 20, 21.  The Returns attached to each filing reflect personal delivery of same to "Cynthia Jones, Customer Service Associate" at an address in Washington different from that of the Amazon corporate headquarters service address identified on the Summons, specifically 300 Deschutes Way SW, Tumwater, Washington.  ECF No. 18 at 2-3; No. 20 at 1, 3; No. 21 at 1, 3.

## II.   **APPLICABLE LAW**

### A.  **Standard for Reconsideration**

Although the Federal Rules of Civil Procedure do not provide specifically for motions to reconsider a court's order,[2] the Fifth Circuit has consistently recognized that parties may seek reconsideration under Rules 54(b), 59(e), or 60(b).[3]  Because an order that adjudicates fewer than

---

[1] It is unclear how the U.S. Marshal Service came to effect service.  Plaintiff is not proceeding *in forma pauperis*.  As such, the U.S. Marshal Service is not required to serve summons and complaint absent a court order, which was not issued in this case.  *See* FED. R. CIV. P. 4(c)(3); *see also Suarez v. Walker*, No. 23-2806, 2024 WL 4193963, *2-3 (N.D. Tex. Aug. 16, 2024).  Nor did Plaintiff filed a request for court order directing the U.S. Marshal Service to effect service, which should not be granted unless absolutely necessary and then only after plaintiff first exhausts service by private means.  *See Suarez v. Walker*, No. 23-2806, 2024 WL 4193963, *2-3 (N.D. Tex. Aug. 16, 2024).

[2] *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006).

[3] *Koeppel v. Hartford Accident & Indem. Co.*, 608 F. Supp. 3d 398, 402 (E.D. La. 2022) (citing *Reyes v. Julia Place Condo. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272493, at *2 (E.D. La. Aug. 15, 2016) (citing cases)).

all the claims among the parties "may be revised at any time" before the entry of a final judgment, a court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[4]

Though Rule 54(b) empowers the court with "broad discretion" in addressing a motion for reconsideration, "reconsideration 'is not provided indiscriminately whenever some party may wish it,' as judges 'must protect themselves and the other parties against the delay and burdens that could be imposed by yielding to simple disappointment or a deliberate desire to inflict delay and burden.'"[5]  Further, a motion to reconsider "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order]."[6]

Courts addressing motions to reconsider under Rule 54(b) look to similar considerations as those used when evaluating a Rule 59(e) motion,[7] asking whether  (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law. [8]

### B.  Requirements for Proper Service

Rule 4 makes clear that "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  FED. R CIV. P. 4(c)(1).  Indeed, the obligation to locate defendant's address

---

[4] *Id.* (quoting FED. R. CIV. P. 54(b); *Melancon v. Texaco*, 659 F.2d 551, 553 (5th Cir. Unit A Oct. 1981)); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (citations omitted).

[5] *Koeppel*, 608 F. Supp. 3d at 402 (quoting 18B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 4478.1 (3d ed. 2021); and citing *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993)).

[6] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

[7] *Koeppel*, 608 F. Supp. 3d at 402 (citing *Austin*, 864 F.3d at 336; quoting *Edwards v. Take Fo' Records, Inc.*, No. 19-12130, 2020 WL 3832606, at *11 & n.12 (E.D. La. July 8, 2020)); *accord. Antoine's Rest., LLC v. Certain Underwriters at Lloyd's London,* No. 23-229, 2023 WL 3751509, at *2 (E.D. La. June 1, 2023) (citing *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 565 (E.D. La. 2013) (internal citation omitted)).

[8] *Antoine's Rest.*, 2023 WL 3751509, at *2 (citing cases).

and provide same to the court for issuance of summons remains with plaintiff.[9]   And once a plaintiff has been notified that service attempts have been unsuccessful, the plaintiff must present a new or updated address for service.[10]

### 1. Robert Lamb

Proper service of a summons on an individual may be accomplished in several ways.  *See* FED. R CIV. P. 4(e).  While one method for serving an individual is leaving a copy of the summons and the complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there,"[11] in the context of determining the validity of service of process, courts hold that leaving a summons at a defendant's place of employment or business does not qualify as service under Rule 4(e)(2).[12]  Rule 4(e)(1) also authorizes service pursuant to state law.  But neither Louisiana nor Washington authorize service of an individual by leaving the summons at the individual's place of employment.[13]

To date, eight months after filing suit and despite prior extensions, Plaintiff has still not

---

[9] *Wright v. TDCJ-CID Dir.*, No. 21-280, 2023 WL 3589777, at *2 (E.D. Tex. Mar. 21, 2023) (noting that plaintiff retains the obligation to find and provide the court with the proper address for service), *R.&R. adopted*, 2023 WL 3586416 (E.D. Tex. May 22, 2023); *Clark v. ASC Mortg.*, No. 14-4236, 2015 WL 3632562, at *1 (N.D. Tex. June 10, 2015) (quoting *Shelton v. Mich. Turkey Producers Co-op., Inc.*, No. 13-441, 2014 WL 4388366, at *6 (W.D. Mich. Sept. 5, 2014) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996))); *Boyer v. Taylor*, No. 06-694, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) ("[A] district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process." (citing *Barmes v. Nolan*, 123 F. App'x 238, 249 (7th Cir. 2005))).

[10] *Wright*, 2023 WL 3589777, at *2 (quoting *Kaufman v. Corizon Health*, No. 12-10162, 2012 WL 5830229, *1 (E.D. Mich. 2012); *see also Hall v. Tilton*, No. 07-3233, 2008 WL 4614520, *2 (N.D. Cal. 2008) (noting that, if the USM is unable to effectuate service through no fault of his own, e.g., because plaintiff provided insufficient information, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal).

[11] FED. R. CIV. P. 4(e)(2)(B).  Plaintiff could also effect service on non-resident Defendant Lamb by personally delivering the summons and complaint to him or via Louisiana's long-arm statute, which requires sending the summons and complaint, via certified mail to Defendant's actual, correct domiciliary address or actual delivery to Defendant by a commercial carrier.  *See, e.g.*, FED. R. CIV. P. 4(e)(1), (2)(A); LA. REV. STAT. § 13:3204; *Crump v. Lawrence*, No. 24-872, 2024 WL 3064608, at *4 (E.D. La. June 20, 2024) (Brown, C.J.); *Walker v. Dupart*, No. 20-2193, 2021 WL 2930728, at *4 (E.D. La. July 12, 2021) (Africk. J.).

[12] *See* 4A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1096 (4th ed. 2025) (citing cases); *accord. Doe v. St. James Par. Sch. Bd.*, No. 15-5370, 2016 WL 1558794, at *3 (E.D. La. Apr. 18, 2016) (Vance, J.) ("Delivering a summons and complaint to an employee at a defendant's workplace does not constitute personal service; nor does it qualify as service at a defendant's 'dwelling or usual place of abode.'" (citing cases)).

[13] *Doe*, 2016 WL 1558794, at *3 (citing *Jason v. Nugent*, No. 04-1722, 2005 WL 53301, at *2 (E.D. La. Jan. 7, 2005)); *Fleury v. Platt*, No. 24-1321, 2025 WL 1089524, at *1 (W.D. Wash. Mar. 18, 2025) (citation omitted).

located a proper service address for Defendant Lamb.  Nor has Plaintiff established good cause for his failure to do so.  As such, dismissal of his claims against Lamb remains proper.

Even were Plaintiff to properly serve Defendant Lamb, his claims would be subject to summary dismissal because employment discrimination claims are limited to suits against employers, not supervisors.[14]

### 2.  Amazon

As previously explained, Plaintiff's first Return of Summons directed to Amazon reflects delivery at "Amazon's Distribution Center" in Alabama, with no indication of a name or title of any individual recipient.  ECF No. 4.[15]  Then, beginning on February 19, 2026, over a week after the Court adopted the undersigned's Report and Recommendation and dismissed Plaintiff's claims, Plaintiff filed a series of apparently duplicative Returns, ostensibly as to Defendant Amazon.  Each of these Summons is addressed as follows:

> Robert Lamb
> Amazon Corporate Offices
> Attn:  Andy Jassy, President/CEO
> 410 Terry Ave. North
> Seattle, WA 98109-5210[16]

The accompanying USM-285 form requested that the U.S. Marshal serve "Amazon Corporation

---

[14] *See, e.g.*, *Grant v. Lone Star Co.*, 21 F.3d 649, 651–53 (5th Cir 1994) (holding that an individual supervisor who does not otherwise qualify as an employer cannot be held liable for a violation of Title VII); *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) (extending the holding in *Grant* to ADEA claims); *see also Foley v. Univ. of Hou. Sys.*, 355 F.3d 333, 340 n.8 (5th Cir. 2003) (noting "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee"); *Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013) (characterizing employment claim against individual supervisor as "frivolous"); *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448 (5th Cir. 2002) (stating "there is no individual liability for employees under Title VII").

[15] For service on corporations under Rule 4(h)(1)(B), service is deficient where the process server makes "no attempt to ascertain the title or corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation." *Prescription Containers, Inc. v. Cabiles*, No. 12-4805, 2014 WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014), *R.&R. adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014); *see also Riordan v. Power Fasteners, Inc.*, No. 11-1207, 2011 WL 4571891, at *2 (W.D. Wash. Sept. 30, 2011) ("The process server's declaration says nothing about [the person receiving service's] title or position and thus cannot serve as evidence sufficient on its face to establish prima facie satisfaction of RCW 4.28.080(9).").

[16] ECF No. 18 at 1; No. 20 at 2; No. 21 at 2.

LLC and/or Andy Jassy, President/CEO and/or Robert Lamb" at the 410 Terry Ave. North address.[17]   The Returns all reflect Summons was served on Amazon Corporation, LLC (not Defendant Lamb) by personal delivery to customer service representative Cynthia Jones at 300 Deschutes Way SW, Suite 208, Tumwater, Washington, 98501.[18]

Like Louisiana, Washington requires service on an entity by serving its registered agent. WASH. REV. CODE § 23:95.450; *see also* WASH. REV. CODE § 23B.05.040.  *If* there is no registered agent, service may be effected by registered or certified mail addressed to the entity at its principal office.  WASH. REV. CODE § 23:95.450.  The Washington Secretary of State's Corporations and Charities Filing System does not reflect any entity named "Amazon Corporation, LLC."  That website does, however, list several Amazon entities at the 410 Terry Avenue North, Seattle, Washington, 98109 address (e.g., Amazon.com Sales, Inc., Amazon.com Services, LLC, Amazon Data Services, Inc., Amazon Development Center U.S., Inc., Amazon Logistics, Inc.).[19]   These Amazon entities (as well as others), designate "Corporation Services Company" with an address of 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington, 98501, as their registered agent for service.[20]

## C.  Dismissal for Failure to Serve

Timely and proper service of process is important.  Lengthy delay between filing and service risks prejudice to the defendant.[21]   Without proper service, the court may not exercise

---

[17] ECF No. 18 at 2; No. 20 at 1; No. 21 at 1.

[18] ECF No. 18 at 3; No. 20 at 3; No. 21 at 3.

[19]  *See Washington Corporations and Charities Filing System*, WASH. SEC'Y of STATE, https://ccfs.sos.wa.gov/?_gl=1*1cl9zfs*_ga*MTExMDQ0MTYxLjE3NzI0ODAxNDk.*_ga_7B08VE04WV*czE3 NzI0ODAxNDkkbzEkZzEkdDE3NzI0ODAxNjAkajQ5JGwwJGgw*_ga_X6SDF160YQ*czE3NzI0ODAxNDkkbz EkZzEkdDE3NzI0ODAxNjAkajQ5JGwwJGgw#/ (last visited Mar. 2, 2026) (search "Amazon" in "Corporation Search" section).

[20] *Id.*

[21] *See Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 418 (5th Cir. 2006) ("We view a delay between filing and service as being more likely to result in prejudice than a delay occurring after service, for in the former situation the defendant is not put on formal notice and allowed a full opportunity to discover and preserve relevant evidence when the matter is still relatively fresh and the evidence is intact and available." (citation omitted)).

personal jurisdiction over the defendant.[22]  And the court cannot enter a default against a defendant that had no duty to answer the suit, which answer is not required until "service has been perfected."[23]  Were the court to enter default judgment based on an insufficient return, the judgment would be void for lack of personal jurisdiction due to defective service of process.[24]

Dismissal for failure to timely serve process is governed by Rule 4(m), and *pro se* litigants are not excused from its requirements.[25]  While a Rule 4(m) dismissal for failure to serve is generally without prejudice, the court may order a Rule 4(m) dismissal even where it will operate as "with prejudice" dismissal, such as when the statute of limitations has run.[26]  When the dismissal without prejudice effectively constitutes a dismissal with prejudice (e.g., due to statute of limitation), the standard of review is the same as used when reviewing a dismissal with prejudice.[27] The court looks for a clear record of delay or contumacious conduct by the plaintiff and considers whether lesser sanctions would prompt diligent prosecution or if there is a record of lesser sanctions that proved futile.[28]

Likewise, Rule 41(b) also allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.[29]  This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition

---

[22] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

[23] *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (citing *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 n.6 (5th Cir. 2008)).

[24] *Id*. (quoting *Harper Macleod Solics. v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001)).

[25] *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rule of Civil Procedure.").

[26] *Sanchez v. Perez*, 96 F.3d 1145, 1996 WL 512289, at *2 (5th Cir. 1996) (per curiam) (citing *Norlock v. City of Garland*, 768 F.2d 654, 658 (5th Cir.1985)).

[27] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Boazman v. Econs. Lab., Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976).

[28] *Boudy v. McComb Sch. Dist.*, No. 24-60386, 2026 WL 507784, at *6 (5th Cir. Feb. 24, 2026) (citations omitted); *Berry*, 975 F.2d at 1191; *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citations omitted).

[29] *Griggs v. S.G.E. Mgmt., L.L.C.,* 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

of pending cases.[30]   The same heightened standard applies to with-prejudice dismissals under Rules 4(m) and 41(b).[31]   Thus, the court looks for a clear record of delay or contumacious conduct and considers whether lesser sanction would better serve the interests of justice.   In addition, the court looks for at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[32]   Because plaintiff is proceeding *pro se*, any delay is attributed to him, not counsel.

### D.   Suits by Pro Se Litigants May Be Dismissed for Failure to Comply with Rule 4

A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.[33]   Indeed, a plaintiff's *pro se* status and ignorance of the law do not constitute cause for failure to effect service in compliance with the rules.[34]   And while a *pro se* plaintiff is entitled to notice before a district court dismisses an action *sua sponte* for failure to timely serve the defendants under Rule 4(m),[35] Plaintiff received that notice on two prior occasions.   *See* ECF Nos. 8, 11; *see also* ECF No. 14 at 1-2.   In addition, the undersigned employed less severe measures when granting the extensions.   Thus, there is a clear record of delay attributable solely to Plaintiff, and lesser sanctions are futile considering the prior orders addressing the insufficient service and directing Plaintiff to effect proper service and file the proper return into the record.

The Fifth Circuit addressed a similar case involving a dismissal of a plaintiff's case where the plaintiff failed to serve the defendant for nine months in *Buchanan v. United States*, No. 24-

---

[30] *See McCullough*, 835 F.2d at 1127 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *Link*, 370 U.S. at 630-31.

[31] *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008).

[32] *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam); *accord. Markwell v. Cnty. of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989).

[33] *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam); *Edwards v. Harris Cnty. Sheriff's Off.*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).

[34] *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

[35] *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996).

50194, 2024 WL 4057580 (5th Cir. Sept. 5, 2024).[36]  In noting that the district court did not abuse its discretion in dismissing the case with prejudice under Rule 41(b), the court recognized that, after each failed service effort, plaintiff was notified that service was defective and instructed how to effectuate proper service along with warnings that the case would be dismissed if service was not effectuated within a specified time.[37]

## III.    ANALYSIS

Although the face of the recent, duplicative Summonses (ECF Nos. 18, 20, 21) incorrectly name defendant Robert Lamb rather than Amazon, Plaintiff's returns filed into the record after adoption of the undersigned's Report and Recommendation appear to reflect that Plaintiff has served the incorrect Summons via personal delivery to Amazon's registered agent for service of process.  The recipient is identified as "Cynthia Jones, Customer Service Representative" located at the address listed for the designated agent of several Amazon entities.  Therefore, to avoid manifest injustice, the appropriate course of action in this matter is to grant, in part, Plaintiff's motion and vacate, in part, the dismissal to provide him with the opportunity to obtain a re-issued Summons addressed to the proper Amazon Defendant for service via delivery to its registered agent for service of process, Corporation Services Company at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington, 98501.[38]

For Defendant Lamb, however, Plaintiff has not established that reconsideration of the prior dismissal is proper.  Plaintiff has not identified a manifest error of law or fact, newly

---

[36] *See also Epley v. Luong*, No. 23-40038, 2023 WL 8595674 (5th Cir. Dec. 12, 2023) (affirming *sua sponte* dismissal of *pro se* lawsuit for failure to serve defendants in case that would later be barred by statute of limitation).
[37] 2024 WL 4057580, at *2.
[38] *Bailey v. AT&T Corp./Headquarters*, No. 16-1464, 2017 WL 1178310, at *2 (N.D. Tex. Mar. 29, 2017) (citing *Grandey v. Pac. Indem. Co.*, 217 F.2d 27, 29 (5th Cir. 1954); *Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. 01-2327, 2002 WL 424566, at *4 (N.D. Tex. Mar. 15, 2002) (citing 5B WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1354 (3d ed.) (Service is usually quashed "in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly."); *Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir. 1958)).

discovered or previously unavailable evidence, manifest injustice, or intervening change in controlling law. Again, at no point has Plaintiff personally served Lamb, served Lamb via domiciliary service, otherwise effected proper service as to Lamb, or even obtained Lamb's home address. Moreover, further proceedings would appear futile given that a plaintiff cannot state an employment discrimination claim against non-employer such as Defendant Lamb.

Like the *Buchanan* case, rather than properly serve Defendant Lamb, Plaintiff continued to argue that his attempts at service were proper because "all employees there are agents of Amazon" when such efforts are clearly not compliant with Rule 4. Despite having filed suit 8 months ago, Plaintiff has still evidently not located a home address for service on Defendant Lamb. The Court brought Plaintiff's service deficiencies to his attention in prior orders and sought to impress upon Plaintiff the need to properly serve the defendants so that the case may proceed. Unfortunately, Plaintiff has not complied with those directions. The Court is unable to proceed to address the merits of Plaintiff's claims absent proper service, Plaintiff still has not provided a proper service address for Lamb, and Plaintiff alone is responsible for the delay.

## III.   <u>CONCLUSION</u>

The Court's exercise of its discretion to dismiss this action as to Defendant Lamb without prejudice was appropriate, even if the dismissal has the effect of a dismissal with prejudice. And Plaintiff has not established that reconsideration is appropriate as to Defendant Lamb. Plaintiff was notified that this case would be dismissed for failure to properly serve the defendants within the specified time period and the Court explicitly addressed the requirements for proper service. Rather than properly serve the defendants, Plaintiff directed the U.S. Marshal Service to serve a summon on Lamb using an "and/or" designation for delivery at Amazon's Seattle headquarters.

For unknown reasons, the U.S. Marshal Service delivered the summons and complaint to Amazon's registered agent.

While delivery of the Summons directed to Lamb by personal delivery to Amazon's registered agent is improper, this defective service on Amazon's registered agent's address justifies reconsideration of the dismissal of Plaintiff's claims against Amazon (but not Lamb). In the interests of justice, Plaintiff should be allowed to obtain a Summons correctly identifying the Amazon Defendant and directing service upon its registered agent, Corporation Services Company, at 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington, 98501. Plaintiff should be allowed 60 days within which to accomplish same. Should Plaintiff fail to serve Amazon within this period, dismissal of his claims against Amazon would be proper.

Accordingly, for the foregoing reasons,

IT IS RECOMMENDED that Plaintiff Erice D. Magee's Motion for Reconsideration and Vacate Dismissal be GRANTED IN PART AND DENIED IN PART, granting the motion as to Defendant Amazon and denying the motion as to Defendant Lamb.

### NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[39]

New Orleans, Louisiana, this _____3rd_____ day of March, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[39] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).