UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERICE O. MAGEE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1241 |
| AMAZON CORPORATION, LLC, ET AL. | * | SECTION "L" (2) |

## REPORT AND RECOMMENDATION

Pending before me is Plaintiff Erice O. Magee's Motion for Default Judgment. ECF No. 31. This matter is automatically referred to the undersigned magistrate judge. E.D. La. L.R. 73.2(C); 28 U.S.C. § 636(b)(1)(B).

Considering the record, the submission, and applicable law, and for the following reasons, the undersigned RECOMMENDS that the motion be DENIED.

## I.    BACKGROUND

Plaintiff Erice O. Magee filed this employment case against Defendant Amazon on June 17, 2025. ECF No. 1. After numerous service issues, a summons was issued on April 3, 2026. ECF No. 25. The Summons notified Defendant to serve an answer within 21 days of service. *Id.* Plaintiff filed a return of service reflecting service on Amazon's registered agent on April 23, 2026. ECF No. 26 at 2. Amazon filed an Answer on May 14, 2026. ECF No. 27. That same day, Plaintiff filed a motion for entry of default, which the Clerk of Court denied. ECF Nos. 30, 33.

On May 15, 2026, Plaintiff filed a Motion for Default Judgment, asserting that, on April 3, 2026, this Court ordered Amazon to file an answer within 21 days after April 3, 2026. ECF No. 31 ¶ 2. Plaintiff seeks entry of default because Amazon failed to file an Answer by April 24, 2026. However, Plaintiff's factual assertion underlying the request for default is incorrect. There is no Court order dated April 3, 2026. Rather, on that date, the Clerk of Court issued a Summons which

1

expressly notes that an answer is due within 21 days *of service*, not issuance, of the summons. Were the time to run from issuance rather than service, Amazon's answer would have been due one day after service. *See* ECF Nos. 25, 26. Rule 12(a)(1)(A), however, expressly states that a defendant must file an answer within 21 days of service.

## II.    APPLICABLE LAW AND ANALYSIS

A default judgment may not be entered against a defendant absent proper service of process under the Federal Rules of Civil Procedure.[1] Rule 55(a) provides that a default may be entered against a party when it "has failed to plead or otherwise defend itself."[2] Rule 55(b) governs entry of default judgment by a court. Only after the Clerk's entry of a default under Rule 55(a) may a plaintiff "apply for a judgment based on such default."[3] Thus, a court will determine whether entry of a default judgment is proper only after the procedural prerequisites for entering a default judgment are met, including entry of default by the Clerk of Court.[4]

To summarize, a plaintiff must satisfy three steps to obtain a default judgment: (1) default by the defendant; (2) entry of default by the court clerk; and (3) a default judgment granted by the court.[5] In this case, procedural and substantive issues require denial of Plaintiff's motion. First, the Clerk of Court denied Plaintiff's request for entry of default. ECF No. 33. Second, Defendant filed an Answer within 21 days of service of the summons (i.e., on May 14, 2026, which is 21 days after service on April 23, 2026). As such, Plaintiff is not entitled to seek a default judgment and entry of same would be entirely improper in light of the timely-filed answer.

---

[1] *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp. 2d 784, 794 (E.D. La. 2013) (Brown, J.) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 941–42 (5th Cir. 1999)).
[2] *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[3] *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); 10A WRIGHT &, MILLER'S FEDERAL PRACTICE & PROCEDURE § 2682 (4th ed. 2023) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).")
[4] *Fagan*, 957 F. Supp. 2d at 796.
[5] *See Brown*, 84 F.3d at 141 ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment." (emphasis omitted)).

## III.    CONCLUSION AND RECOMMENDATION

The Clerk of Court denied entry of default, and Defendant timely filed an Answer. Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Erice O. Magee's Motion for Default Judgment (ECF No. 31) be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[6]

New Orleans, Louisiana, this __18th__ day of May, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).