UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERICE O. MAGEE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1241 |
| AMAZON CORPORATION, LLC, ET AL. | * | SECTION "L" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Erice O. Magee's Motion for Protective Order seeking a blanket protective order to preclude disclosure of the identity of four witnesses in this case whom he states are former employees or co-workers who may be subject to retaliation, intimidation, or harassment, and he asks that their identities be disclosed *in camera* or at a later time. ECF No. 41. Defendant Amazon.com Services LLC filed an Opposition Memorandum asserting the absence of good cause necessary to justify entry of a protective order and the failure to provide any evidence of past retaliation, threats, or any reported intimidation. ECF No. 45.

No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.      **BACKGROUND**

Plaintiff filed suit alleging age discrimination and retaliation against his former employer. ECF No. 24. Plaintiff now seeks a Protective Order on the basis that disclosure of the identity of four witnesses would expose them to potential retaliation, intimidation or harassment because the witnesses are former employees or co-workers. ECF No. 41. He asks that the Court enter an order allowing him to temporarily withhold witness identities and contact information, submit the information under seal, or establish confidentiality restrictions regarding same. *Id.* at 2.

1

Citing *In re Terra International, Inc.*, 134 F.3d 302, 306-07 (5th Cir. 1998), Defendant opposes the motion on the basis that Plaintiff has not made the particular and specific demonstration of fact necessary to support entry of a protective order. ECF No. 45 at 4-5. Further, Defendant argues that entry of such an order nullifies Rule 26(a)(1)(A)(i)'s disclosure obligation. *Id.* at 5. In addition, Defendant asserts that Plaintiff failed to conduct the required meet and confer before the filing of this motion. *Id.* at 6-7.

## II.    <u>APPLICABLE LAW</u>

### A.  <u>Standard for Protective Order</u>

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). A protective order may forbid discovery or specify terms for discovery. *Id.* at 26(c)(1)(A)-(B). Indeed, Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. *Id.* at 26(c)(1)(D).

"Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[1] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[2] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[3] Courts have superimposed a somewhat demanding balancing of interests approach to the Rule, comparing the hardship to the party against whom

---

[1] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).

[2] *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

[3] *E.E.O.C. v. BDO USA, L.L.P.,* 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d at 306 (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).

discovery is sought against the probative value of the information to the other party and considering any relevant public interests in the analysis.[4]

A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.[5]  The trial court enjoys wide discretion in setting the parameters of a protective order.[6]

### B.  Rule 26(c)(1) Certification

A motion for a protective order pursuant to Rule 26(c)(1) "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  This conference requirement is the same as that of Rule 37(a)(1).[7]  Conference requirements are no "empty formality":[8]

> Conference requirements encourage resolving discovery disputes without judicial involvement. Failure to confer or attempt to confer may result in unnecessary motions. When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere.  Failure to confer generally serves as a basis for denying a discovery motion.[9]

This Court expressly requires the parties to provide detailed information in the required

---

[4] *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).

[5] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).

[6] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

[7] *See* FED. R. CIV. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also Riverbend Env't Servs., LLC v. Crum & Foster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, *3 (S.D. Miss. Mar. 17, 2023) ("Both [Rule] 26(c)(1) and [Rule] 37(a)(1) require a certification of good faith."); *Prince v. Transportes Zuazua LLC*, No. 17-21, 2018 WL 2985910 (S.D. Tex. Apr. 6, 2018) (noting meet-and-confer certification required for a Rule 26(c)(1) motion is the "same" required for a Rule 37 motion to compel); *Brown v. Bridges*, No. 12-4947, 2015 WL 11121361, at *3 (N.D. Tex. Jan. 30, 2015); *Baxter v. Louisiana*, No. 21-555, 2022 WL 1509118, at *2 n.11 (M.D. La. May 12, 2022).

[8] *Riverbend*, 2023 WL 2563228, *3.

[9] *Bridges*, 2015 WL 11121361, at *3 (internal quotations and citations omitted).

Rule 37(a)(1) certification,[10] and those requirements apply for a Rule 26(c)(1) certification as well. The instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[11]

Plaintiff failed to attach any Rule 26(c)(1) certification to his motion. The failure to engage in a fulsome meet and confer on each disputed response prior to filing a Rule 26(c)(1) motion constitutes sufficient reason in itself to deny the motion.[12] However, in the interests of expediency and judicial economy, the Court may address the matter notwithstanding that failure.

## III.    ANALYSIS

The identity and location of witnesses with relevant knowledge is "deeply entrenched" in the federal court practice. FED. R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment; 8 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2013 (3d ed. 2010) (Pursuant to Rule 26(b)(1), "courts have repeatedly allowed discovery of the names and locations of persons with knowledge of the facts. . . . The thought is that when a party has learned who the witnesses are and where they may be found that it can then interview the witnesses, take their depositions, or otherwise find out what information they may have."). Moreover, the law already precludes the concerning conduct identified by Plaintiff. For instance, Title VII's participation clause prohibits retaliation against a witness in a discrimination proceeding.[13] Likewise, Rule 4.4 of the Louisiana

---

[10] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited February 16, 2024).

[11] *Id.*

[12] *Cf. Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

[13] 42 U.S.C. § 2000e-3(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (noting that Title VII's antiretaliation provision protects a person who makes a charge, testifies, assists or participates in any manner in an investigation, proceeding, or hearing under Title VII (citing § 2000e-3(a))).

Rules of Professional Conduct requires a lawyer respect the rights of third persons and precludes a lawyer from seeking to embarrass, delay or burden a third person.  LA. CODE PRO. CONDUCT r. 4.4(a).

While Plaintiff expresses concerns that identified witnesses may be subjected to retaliation, intimidation or harassment, he offers nothing other than conclusory assertions regarding those risks.  Plaintiff's speculation and unsubstantiated conclusion in support of his request for a protective order governing witness identities for fear of potential retaliatory action by Defendant fall far short of the particular and specific demonstration of fact necessary to support entry of a protective order.[14]

## IV.    CONCLUSION

Plaintiff has not established good cause to issue a protective order nor has he established the necessity to preclude Defendant from learning the identity of witnesses as necessary to prepare for trial.  The Court will, however, enter a standard protective order to govern this matter, which includes a limitation on the disclosure of information to purposes of this litigation and enables the parties to mark information produced during discovery as confidential.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Protective Order (ECF No. 41) is GRANTED IN PART AND DENIED IN PART.  His request to shield the identities of the four witnesses is DENIED, but the Court will enter separately a general Protective Order as indicated herein.

New Orleans, Louisiana, this ____9th____ day of July, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[14] *See Randleman v. La. Sugar Ref., LLC*, No. 17-3532, 2018 WL 1693004, at *2 (E.D. La. Apr. 6, 2018).