UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERICE O. MAGEE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-1241 |
| AMAZON CORPORATION LLC, ET AL. | * | SECTION 2 |

**ORDER AND REASONS**

Pending before me is Amazon.com Services LLC's Motion to Compel Discovery Responses. ECF No. 54. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, November 10, 2026. *See* E.D. La. L.R. 7.5. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Amazon.com Services LLC's Motion to Compel Discovery Responses (ECF No. 54) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

## I. BACKGROUND

Plaintiff filed suit alleging age discrimination and retaliation against his former employer. ECF No. 24. Amazon served discovery on August 31, 2026. ECF No. 54-1, at 1; No. 54-2, at 3. Despite the September 30, 2026, response deadline, Plaintiff failed to respond. ECF No. 54-1, at 1.

Amazon's counsel emailed Plaintiff's counsel twice and left one voicemail seeking to schedule a Rule 37 conference, but Plaintiff did not respond. ECF No. 54, at 3. Amazon then filed this motion to compel arguing that Plaintiff has failed to comply with his discovery obligations. ECF No. 54-1, at 1. Amazon asserts that it is prejudiced in its efforts to test Plaintiff's case, prepare for his deposition, and consider dispositive motions. *Id.* Amazon seeks verified responses to its

interrogatories, production of responsive documents, the ability to conduct a forensic inspection on an identified external storage device, confirmation that its requests for admission are admitted, and $7,445.00 in costs and expenses incurred in filing this motion to compel. ECF No. 54-1, at 1; No. 54-4.

## II. APPLICABLE LAW AND ANALYSIS

Although the Court generally has the authority to grant a motion as unopposed, it is not required to do so.[1]

### A. Scope of Discovery

Courts have broad discretion in discovery matters.[2] Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible into evidence to be discoverable.[3] Rather, information merely needs to be proportional and relevant to any claim or defense.[4] "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."[5]

### B. Interrogatories and Requests for Production

Parties must respond to interrogatories and requests for production within 30 days of service, absent court order or stipulation.[6] "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[7] And all objections must be stated

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *January v. City of Huntsville*, 74 F.4th 646, 651 (5th Cir. 2023) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)).
[3] FED. R. CIV. P. 26(b)(1).
[4] *Id.*
[5] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[6] FED. R. CIV. P. 33(b)(2); 34(b)(2)(A).
[7] *Id.* 33(b)(3).

with specificity.[8] For each request for production, the respondent must state its objection with specificity or produce copies of the documents or electronically stored information.[9]

The failure to provide timely written answers to interrogatories and requests for production may, and generally does, result in a waiver of objections.[10] To avoid waiver, the party must establish good cause.[11] Moreover, the failure to timely object does not constitute automatic waiver as courts typically reserve finding waiver "for those cases where the offending party committed unjustified delay in responding to discovery" rather than for "[m]inor procedural violations, good faith attempts at compliance," and in cases with other mitigating circumstances.[12] Thus, even in the absence of good cause, the court retains discretion to decline to compel a response when the request "far exceeds the bounds of fair discovery, even if a timely objection has not been made."[13]

---

[8] *Id.* (b)(4).

[9] FED. R. CIV. P. 34(b)(2)(B).

[10] *Id.* 33(b)(4); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Although Rule 34 does not explicitly provide for waiver, the Fifth Circuit has applied Rule 33's waiver provision to Rule 34 requests. *In re United States*, 864 F.2d at 1156. The waiver principle generally does not apply to documents withheld on the basis of privilege or immunity. *B&S Equip. Co. v. Truckle Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections other than attorney-client privilege or work product); 8 WRIGHT, & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2016.1 n.1 (3d ed. 2026)

[11] *See, e.g.*, *Solorzano v. Shell Chem. Co.*, No. 00-31191, 2001 WL 564154, at *1, 4 (5th Cir. May 18, 2001) (upholding order allowing party to respond to interrogatories with objections after failure to respond or raise any objections within the 30-day period); *see also Nugent v. Scott Fetzer Co.*, No. 19-14759, 2020 WL 1322268, at *5 (E.D. La. Mar. 20, 2020) (citation modified) ("[T]he failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown."); *Seals v. Shell Oil Co.*, No. 12-1983, 2013 WL 12439172, at *3 (E.D. La. June 21, 2013) (citation modified) (failure to respond to discovery requests operates as a "waiver of its objections, unless the court excuses that failure for good cause"). reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party." *Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 157 (S.D. Tex. 2009) (citation modified); *see also Salman v. Balderas*, No. 18-10966, 2019 WL 11005040, at *3 (E.D. La. Aug. 2, 2019).

[12] *Salman*, 2019 WL 11005040, at *3 (quoting *Enron*, 258 F.R.D. at 156–57).

[13] *Deane v. Dynasplint Sys., Inc.*, No. 10-2085, 2015 WL 1638022, at *2 (E.D. La. Apr. 13, 2015) (refusing to find waiver where the requested information "far exceeds the bounds of fair discovery"); *Schooler v. Wal-Mart Stores, Inc.*, No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (refusing to find waiver as to work product, confidentiality, and attorney-client privilege); *Cheshire v. Air Methods Corp.*, No. 15-933, 2015 WL 7736649, at *3 (W.D. La. Nov. 30, 2015) (finding 7-day delay in responding to discovery not so egregious to constitute waiver of objections where objections were few in number and specific); *Meche v. Maint. Dredging, Inc.*, No. 10-3653, 2012 WL 519882, at *2 (E.D. La. Feb. 16, 2012) (refusing to find waiver of privacy objections).

A review of the discovery requests in this case reflects that, for the most part, Defendant's requests are appropriate and seek relevant information proportional to the needs of the case, with the exception of Interrogatory Nos. 15 and 18.

Interrogatory No. 15 seeks information regarding Plaintiff's criminal history, specifically whether Plaintiff has ever been *charged* with a felony or misdemeanor involving theft, dishonest, fraud or false statement. It does not limit the request to *convictions* for such conduct nor does Defendant explain why or how any charge (as opposed to convictions admissible under Fed. R. Civ. P. 609) is relevant to any claim or defense: "Decisions in which discovery of arrest records . . . has been permitted appear to be cases in which the party's ongoing criminal record and extensive criminal activities are clearly essential issues in the case itself; as for example, when the party himself is alleged to be a fraud or to be committing such a fraud."[14] Defendant's motion to compel a complete response to Interrogatory No. 15 is thus denied insofar as it seeks information regarding *charges* but granted insofar as it seeks information pertaining to his criminal *convictions*, if any, of the type described in Fed. R. Evid. 609(a), which may be admissible at trial as relevant to plaintiff's credibility.

Interrogatory No. 18 seeks the identity of each healthcare provider who has examined, treated, or consulted with Plaintiff regarding any mental health condition, emotional distress, depression, anxiety, or psychological condition from January 1, 2015 to the present. ECF No. 54-2, at 8 & 9. Courts routinely recognize that a plaintiff who puts his medical condition at issue

[14] *Vinet v. BP Expl. & Prod., Inc.*, No. 18-9527, 2019 WL 2289511, at *2 (E.D. La. May 29, 2019) (citing *Dotson v. Bravo*, 202 F.R.D. 559 (N.D. Ill. 2001), *aff'd*, 321 F.3d 663 (7th Cir. 2003); *In re: Amtrak "Sunset Limited" Train Crash*, 136 F. Supp. 1251 (S.D. Ala. 2001*), aff'd sub nom, In re: Amtrak*, 29 F. App'x 575 (11th Cir. 2001); *EEOC v. Area Erectors, Inc*., 247 F.R.D. 549, 553 (N.D. Ill. 2007)); *see also Muslow v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. 19-11793, 2021 WL 4243321, at *9 (E.D. La. Apr. 23, 2021) (denying request for arrest records); *Avila-Soto v. S. Cent. Sugar Cane Growers Ass'n Inc*., No. 24-1392, 2026 WL 1333451, at *3 (W.D. La. May 13, 2026) (same).

waives any privilege or privacy interest in his medical records.[15] And when a plaintiff seeks emotional distress damages, his mental conditions are put at issue,[16] making medical records relating to same relevant and discoverable.[17] Indeed, basic fairness requires the other party be allowed "to explore the truth of the [party's] allegations that he/she suffered . . . emotional distress as a result of the [other party's] conduct and to determine whether the [party] suffered any pre-existing . . . emotional distress" that may be the (or an) actual cause of the distress.[18]

Although Plaintiff's medical records are relevant, that does not mean that records for an excessive time period are relevant and proportional to the needs of the case. Consistent with the obligation to ensure that discovery is within the scope permitted by Rule 26(b)(1), the authorization must include appropriate temporal limitations. Courts often impose a time limitation[19] to ensure disclosures are proportional to the needs of the case.[20] Here, Defendant seeks records from January

---

[15] *Stogner v. Sturdivant*, No. 10-125, 2011 WL 4435254, at *5 (M.D. La. Sept. 22, 2011) (citing cases); *Tanner v. BD LaPlace, LLC*, No. 17-5141, 2018 WL 3528023, at *2 (E.D. La. July 3, 2018) (citations omitted) (recognizing that privilege may be waived when a party places his medical condition at issue).

[16] *See Hardy v. Scandinavian Airlines Sys.*, No. 21-1591, 2025 WL 416106, at *9 (E.D. La. Feb. 6, 2025) (finding plaintiff put her mental status at issue by seeking emotional distress damages and thus she waived any privilege she would otherwise be entitled to by her privacy interest in her medical records, including any mental health records).

[17] *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005) ("Utilizing th[e] broad construction of relevance in Rule 26(b)(1), several courts have found that medical records are relevant to claims of mental anguish in discrimination case.") (citations omitted); *Bacharach v. SunTrust Mortg., Inc.*, No. 14-962, 2015 WL 1843007, at *7 (E.D. La. Apr. 22, 2015) (granting request for production of "all of the Plaintiff's medical records, charts, progress reports, prognoses or other similar documents regarding any damages for which she seeks to recover in this case" because Plaintiff "is seeking emotional distress damages").

[18] *Stogner*, 2011 WL 4435254, at *5 (citing *Doe v. City of Chula Vista*, 196 F.R.D. 562 (S.D. Cal. 1999) (noting that, once a plaintiff has elected to seek such damages, she cannot fairly prevent discovery into evidence relating to that element of her claims because the defendants must be free to test the truth of the plaintiff's contention that her mental issues arise *because of* the defendants' conduct)).

[19] *See, e.g.*, *Taylor v. United States*, No. 19-10023, 2020 WL 6204310, at *4 (E.D. La. Feb. 5, 2020) (limiting temporal scope of blank medical authorization); *Garza v. AAA Cooper Transp.*, No. 20-1, 2021 WL 3777739, at *5 (S.D. Tex. May 18, 2021) (requiring plaintiff to sign authorization to release medical records, but limiting the time period of the authorization because defendant's request was overbroad); *EEOC v. L-3 Commc'ns Integrated Sys., LP,* No. 17-538, 2018 WL 3548870, at *3 (N.D. Tex. July 24, 2018) (limiting authorization for release of medical records to date that employee began working for defendant).

[20] *Tijerina v. Guerra*, No. 19-285, 2020 WL 1663181, at *9-10 (S.D. Tex. Apr. 1, 2020) (denying medical records request that was unlimited in time based on Rule 26(b)(1) proportionality factors where movant did not establish why the requested 5-year period would be insufficient); *Gray-Standberry v. Ashley Distrib. Servs., Ltd.*, No. 20-0638, 2021 WL 2792984, at *3 (W.D. Tex. Mar. 3, 2021) (finding request for 27 years' of medical records, including pediatric records, not proportional); *Stogner,* 2011 WL 4435254, at *6 (limiting medical records request to 10 years after finding

1, 2015 to present. ECF No. 54-2 at 9. Given that Plaintiff began working for Defendant in August 2022 and stopped in February 2025,[21] this requested time period is unnecessarily excessive.[22] A five-year period for mental health records is more appropriate and allows Defendants to obtain information for a reasonable period prior to employment through date. Accordingly, Interrogatory No. 18 is modified to require production of medical records from November 1, 2021 through date.

**C. <u>Requests for Admission</u>**

Requests for admission are not principally discovery devices and are not a substitute for the discovery process used to uncover evidence.[23] "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party."[24] Requests for admission allow litigants to winnow down issues before trial and focus their energy and resources on disputed matters.[25] Although Rule 36 requests for admission differ procedurally from interrogatories, the standards for discoverability of the information sought (e.g., relevance and proportionality) remain the same.

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.[26] Subsection (a)(3) provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

---

request for 23 years' worth of records excessive); *Cummins v. Lollar*, No. 12-560, 2015 WL 12731746, at *2 (N.D. Tex. Jan. 5, 2015) (citation omitted) (request for 50 years' of medical records dating to birth is excessive).

[21] ECF No. 1 at 1.

[22] *See, e.g.*, *L-3 Commc'ns Integrated Sys.*, 2018 WL 3548870, at *3 (limiting authorization for release of medical records to date that employee began working for defendant),

[23] *In re Katrina Canal Breaches Consol. Litig.*, No. 05-4182, 2007 WL 1852184, at *2 (E.D. La. June 27, 2007).

[24] *Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

[25] *In re Katrina Canal Breaches*, 2007 WL 1852184, at *1.

[26] FED. R. CIV. P. 36(a)(1)(A).

requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Unlike interrogatories and requests for production, Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission nor does it contemplate a motion to deem requests admitted.[27] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection.[28] Otherwise, Rule 36(a)(3) specifies that a matter is deemed admitted unless, within thirty days of service, the party to whom the request is directed provides a written answer or objection addressed to the matter and signed by the party or its attorney.[29] Rule 36 is self-executing, and thus, properly served requests for admission are deemed admitted by operation of law without the necessity of a motion.[30]

"[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[31] A litigant that wishes to avoid the consequences of failing to timely respond to

---

[27] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).

[28] FED. R. CIV. P. 36(a)(6).

[29] Prematurely served requests for admission are not deemed admitted. *See, e.g.*, FED. R. CIV. P. 26(d)(2)(B) (addressing response deadline for prematurely served Rule 34 requests but not providing deadline for premature Rule 33 or 36 discovery); *Escamilla v. United States*, No. 21-510, 2022 WL 2657129, at *6 n.3 (E.D. Wis. July 8, 2022), *aff'd*, 62 F.4th 367 (7th Cir. 2023).

[30] *See Am. Gen. Life Ins. Co. v. Whitaker,* 971 F.3d 539, 540 n.2 (5th Cir. 2020) (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) ("Under Rule 36(a), a matter in a request for admissions is deemed admitted unless the party to whom the request is directed answers or objects to the matter within thirty days. . . . Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record. . . .We have 'stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).'"); *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (noting that any requests for admissions that are not answered or objected to within thirty days are deemed admitted as a matter of law); *Vincent v. McNeil & Meyers Receivables Mgmt. Grp., L.L.C.*, No. 19-11298, 2019 WL 13215399, at *1 (E.D. La. Dec. 20, 2019) ("Defendant failed timely to respond . . . [t]hus, all matters in the requests were deemed admitted by operation of law under Fed. R. Civ. P. 36(a)(3)."); *see also Giovanni v. Cain*, No. 13-566, 2014 WL 2084895, at *2 (M.D. La. May 19, 2014); *Santiny Contractors, LLC v. Sayania*, No. 19-780, 2021 WL 641379, at *1 (M.D. La. Jan. 19, 2021) (denying motion as moot); *Aguirre v. Asti Home Care, LLC*, No. 18-149, 2019 WL 12536902, at *2 (W.D. Tex. Apr. 25, 2019) (observing that "it is not clear that Plaintiff needed to file [her] Motion to deem admitted her requests for admission" because "a request for admission is deemed 'admitted by default' in the absence of a timely response").

[31] *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001); *see also Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120–21 (5th Cir. 1991) (holding a district court may not *sua sponte* allow for the withdrawal or amendment of admissions).

Rule 36 requests for admissions must move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b), which provides: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[32]

The Court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the admissions. Under the first prong, the court considers "whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.[33]

Prejudice under the second prong does not arise simply because the party who obtained the admission will now have to convince the fact finder of its truth or incur costs of discovery to replace the deemed admissions.[34] Rather, the necessary prejudice relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[35] Courts also consider the timing of the motion, the time remaining before expiration

---

[32] *In re Carney,* 258 F.3d at 419.

[33] *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 18-823, 2021 WL 2434840, at *2 (N.D. Tex. June 15, 2021) (quoting *Fakhuri v. Farmers New World Life Ins. Co.*, No. 09-1093, 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010).

[34] *N. La. Rehab. Ctr., Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001).

[35] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1*, No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021); *see also AAA Legal Clinic*, 930 F.2d at 1120; *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990); *Fakhuri,* 2010 WL 3701575, at *2.

of the discovery deadline, and the diligence of the party.[36] Regardless, "[e]ven if a party establishes these two factors, the court retains discretion to deny a request to withdraw an admission."[37]

Absent a motion by Plaintiff, the requests are automatically deemed admitted as Rule 36 is self-executing without the further need of court order.

**D. Rule 37 Sanctions**

Defendant asserts that, under Rule 37, the court should impose reasonable expenses, including attorneys' fees, when a motion to compel is granted because none of the three exceptions apply.[38] When, however, a motion is granted in part and denied in part, the court may apportion the reasonable expenses. Further, When conducting a fee award analysis, the court must determine the market rate in the community, which is based on the prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.[39] Defendant's Chicago/Houston and Houston-based rates (i.e.,$1,090 and $830 per hour for lawyers with 6 and 3 years of experience, respectively) are not reasonable for the New Orleans legal market.[40] Nor is 8.5 hours spent in preparing a motion to compel based on a total failure to respond reasonable.

---

[36] *Branch Banking & Tr. Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988) (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); *N. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).

[37] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014).

[38] ECF No. 54-1 at 8. The three exceptions are (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) "other circumstances make an award of expenses unjust.FED. R. CIV. P. 37(a)(5)(A).

[39] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *accord. McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'")); *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13-454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum*, 465 U.S. at 895).

[40] *See Rayne Mem'l United Methodist Church v. Church Mut. Ins. Co., S.I.*, No. 23-4129, 2026 WL 2294385, at *6 (E.D. La. Aug. 10, 2026) (reducing charged hourly rate of $400/$425 for 13/14-year lawyer to $325/$350, reducing

Considering the basis of the motion (i.e., total failure to respond), the hourly rates used by Defendant, and the partial success of the motion, the requested award of $7,445 is wholly improper. Rates of $250 and $200 an hour for Defendant's attorneys are more in line with prevailing market rates in this community for lawyers of comparable skill and experience, and 5 hours to prepare and .5 to review the motion is more reasonable. Using those rates for the specified 5.5 hours results in a total award of $1,125.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Amazon.com Services LLC's Motion to Compel Discovery Responses (ECF No. 54) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that Interrogatory Nos. 15 and 18 be modified as stated herein, and Plaintiff deliver full and complete responses to the discovery requests, as modified, within 21 days.

IT IS FURTHER ORDERED that Defendant be awarded $1,125 as reasonable costs incurred in filing this motion, in accordance with Rule 37(a)(5).

New Orleans, Louisiana, this 18th day of November, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

charged rate of $325/$350 for 9- year lawyer to $275/$300, and reducing charged rate of $275 to $250 for 6-year lawyer), *reconsideration denied*, No. 23-4129, 2026 WL 3091286 (E.D. La. Oct. 16, 2026).